# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KING MICHAEL OLIVER,[1] *also known as* MICHAEL OLIVER, #B89925, | ) ) ) ) |
| Plaintiff, | ) Case No. 19−cv−00899−SMY ) |
| vs. | ) ) |
| MICHAEL C. CARR, JAYSON CLARK, JUDGE GRACE, JUDGE BLOODWORTH, and G. ROWALD, | ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Michael Oliver, an inmate of the Illinois Department of Corrections currently incarcerated at Shawnee Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights in a state court criminal proceeding. He seeks monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or requests

---

[1] Although Plaintiff refers to himself as "King" Michael Oliver, the IDOC inmate locator identifies Plaintiff as "Michael Oliver." https://www2.illinois.gov/idoc/offender/pages/inmatesearch.aspx (last visited May 31, 2019). *See also Bova v. U.S. Bank, N.A.,* 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## **Complaint**

Plaintiffs make the following allegations in the Complaint: Plaintiff made requests for discovery prior to a preliminary hearing in a state court criminal proceeding but did not receive the discovery. (Doc. 1, pp. 3-4). During the preliminary hearing, Judge Grace denied his second request for discovery. (*Id.* at 4). In a subsequent proceeding before Judge Bloodworth, Plaintiff was allowed to briefly review the documents in open court. He was later allowed to listen to audio recordings and view video recordings. Plaintiff showed Clark his Facebook live footage and Clark is trying to figure out a way to destroy that evidence. (*Id.* at 4-5). The State requested a continuance of the trial date and Judge Bloodworth granted it in violation of Plaintiff's 120-day speedy trial demand. (*Id.* at 3). Deputy Rowald's signature appears in proofs of service on two documents from the State's Attorney's Office which state Plaintiff was served by hand delivery at the Jackson County Jail at a time when he was not in custody at the jail.

Plaintiff asserts the following claims in the Complaint:

Count 1: Carr and Clark conspired to deprive Plaintiff of his constitutional rights by denying his right to discovery.

Count 2: Judge Grace deprived Plaintiff of his constitutional rights by denying his motion for discovery at the preliminary hearing.

Count 3: Judge Bloodworth did not correct the previous deprivation of his right to discovery when it was brought to his attention.

Count 4: Judge Bloodworth, Carr, and Clark conspired to deprive Plaintiff of his right to a 120-day speedy trial when the State requested, and the Judge granted, a continuance of the trial date.

Count 5: Clark and Deputy Rowald falsified documents because the proofs of service state the documents were hand delivered to Plaintiff at the Jackson County Jail at a time when he was not in custody at the jail.

2

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

## Discussion[3]

### Counts 1 - 4

"Prosecutors are absolutely immune from liability for damages under § 1983 for conduct that is functionally prosecutorial; this immunity is understood to broadly cover all conduct associated with the judicial phase of the criminal process." *Bianchi v. McQueen*, 818 F.3d 309, 316 (7th Cir. 2016) (citing *Van de Kamp v. Goldstein*, 555 U.S. 335, 341–43, 129 S.Ct. 855, 172 L.Ed.2d 706 (2009); *Burns v. Reed*, 500 U.S. 478, 486, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991); *Imbler v. Pachtman*, 424 U.S. 409, 430–31, (1976)). Whether an individual "is protected by absolute prosecutorial immunity depends on the type of work he performed and the factual premises of the plaintiffs' claims" because a prosecutor enjoys "absolute immunity insofar as he is 'act[ing] within the scope of his prosecutorial duties.'" *Id.* at 318. Here, the Complaint relates to

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

[3] To the extent Plaintiff seeks the Court's intervention into his pending state criminal proceedings, the abstention doctrine is implicated. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court announced the abstention doctrine. The doctrine discourages federal courts from taking jurisdiction over federal constitutional claims when doing so would interfere with pending state court proceedings. *See SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010). Specifically, under the abstention doctrine, federal courts must refrain from interfering in ongoing state proceedings that are "(1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate." *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 436-37 (1982) and *Majors v. Engelbrecht*, 149 F.3d 709, 711 (7th Cir. 1998)). The Court need not address this issue at this time because the Complaint fails to raise a colorable claim against any named defendants.

conduct during the judicial phase of the criminal process. As such State's Attorneys are entitled to absolute immunity. Accordingly, the claims in Counts 1 and 4 against Carr and Clark will be dismissed.

Additionally, Judges enjoy absolute immunity from Section 1983 suits for damages when they act within their judicial jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Forrester v. White*, 484 U.S. 219, 225-29 (1988); *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001). The allegations in the Complaint do not suggest that Judge Grace or Judge Bloodworth acted outside of their judicial jurisdiction with respect to Plaintiff's criminal case. Accordingly, the claims in Counts 2 sand 3 against Judge Grace and Judge Bloodworth will be dismissed.

## Count 5

The allegedly falsified proofs of service signed by Clark appear on discovery documents from the State's Attorney's Office. Plaintiff speculates that Deputy Rowald's signature appears in the proofs of service, but the alleged falsification of the proofs of service does not give rise to a colorable claim under Section 1983. Count 5 will, therefore, be dismissed.

## Preliminary Injunction

Plaintiff seeks a preliminary injunction regarding evidence in his criminal case and/or the claims in this case. (Doc. 3). A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that Plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A C. Wright, A. Miller, M. Kane, Federal Practice and Procedure § 2948 pp. 129-130 (2d ed. 1995)). To obtain a preliminary injunction, plaintiff has the burden of demonstrating a reasonable likelihood of success on the merits, no adequate remedy at law, and irreparable harm absent the injunction. *Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012).

It is unclear what injunctive relief Plaintiff seeks. His motion fails to specify a defendant against whom injunctive relief is sought, fails to specify any act or acts to be restrained or required, and fails to establish that he faces irreparable harm without relief. Instead, Plaintiff asks this Court to issue subpoenas to secure documents and other evidence and, also, to maintain the evidence as the "custodial overseer of these records." To the extent Plaintiff seeks this Court's intervention in the criminal case, such intervention is improper. To the extent he seeks the issuance of subpoenas to obtain documents and other evidence related to his claims in this case, the request is discovery related and is premature. Plaintiff has failed to establish that injunctive relief is warranted and, therefore, his motion will be denied.

## Pending Motion

Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* (Doc. 2) but did not provide a properly completed application or trust account statement. The motion is therefore **DENIED without prejudice**; it may be re-filed with the appropriate documentation.

## Disposition

The Clerk of Court is **DIRECTED** to add "*also known as* **Michael Oliver**" to Plaintiff's name on the docket in the Case Management/Electronic Case Filing ("CM/ECF") system.

**IT IS ORDERED** that Plaintiff's Motion for Preliminary Injunction is **DENIED**. (Doc. 3).

**IT IS ORDERED** that this matter does not survive 28 U.S.C. § 1915A review, and the Complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. **IT IS ORDERED** that Defendants Michael C. Carr, Jason Clark, Judge Grace, and Judge Bloodworth are **DISMISSED** with prejudice. The Clerk of Court is **DIRECTED** to **TERMINATE** them as parties in the Court's Case Management/Electronic Case Filing

5

("CM/ECF") system.

**IT IS FURTHER ORDERED** that Plaintiffs is **GRANTED** leave to file a "First Amended Complaint" on or before **SEPTEMBER 23, 2019**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any relevant exhibits he wishes the Court to consider. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 19-cv-00899-SMY). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. See 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS FURTHERED ORDERED** that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 2) is **DENIED without prejudice**.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: AUGUST 21, 2019**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**